IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAULA L. WORKMAN,  )
                   )
        Plaintiff, )
                   )
    v.             )
                   ) Civil Action No. 10-907
MICHAEL J. ASTRUE, )
COMMISSIONER OF    )
SOCIAL SECURITY,   )
                   )
        Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 12th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed applications for DIB and SSI on February 7, 2007, alleging she was disabled since December 29, 2006, due to mental problems, emphysema, a cracked right wrist, knee problems and liver problems. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on April 21, 2008, at which plaintiff appeared represented by counsel. On June 3, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 18, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 36 years old on her alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a high school education through a general equivalency degree. In addition, she has past relevant work experience as an administrative assistant, administrative clerk, waitress and bank

teller, but she has not engaged in substantial gainful activity at any time since her alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of status post dislocation of the right elbow and right ulnar styloid fracture, a torn lateral meniscus in the right knee, gastroesophageal reflux disease, bipolar disorder, generalized anxiety disorder and personality disorder, but those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of other limitations. Plaintiff is limited to occasional climbing, balancing, stooping, kneeling, crouching, crawling and bending. In addition, plaintiff is limited to simple, routine, repetitive tasks, no more than occasional interaction with co-workers and no interaction with the general public (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational

adjustment to other work that exists in significant numbers in the national economy, such as a garment sorter, folder and housekeeping cleaner. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff argues that the ALJ erred by concluding that her wrist impairment does not meet or equal listing 1.07. Further, plaintiff claims the ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court finds that these arguments lack merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. <u>Id.</u> at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set

forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that she meets or equals listing 1.07 relating to fracture of an upper extremity. Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from status post dislocation of the right elbow and right ulnar styloid fracture, a torn lateral meniscus in the right knee, gastroesophageal reflux disease, bipolar disorder, generalized anxiety disorder and personality disorder, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that he considered listings under sections 1.00, 5.00 and 12.00, but he found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 13). The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal any listing. (R. 13-14).

The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her wrist impairment meets, or equals, listing 1.07. Specifically, the criteria of that listing requires a "[f]racture of an upper extremity with nonunion of a fracture of the shaft of the humerus, radius or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such

function was not restored or expected to be restored within 12 months of onset." According to 1.00M, the phrase "under continuing surgical management" refers to surgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part.

In plaintiff's case, although an X-ray taken in April 2008 showed "an old nonunited fracture in the region of [her] right ulnar styloid", (R. 315), the medical evidence does not indicate that she was under continuing surgical management or that she had a loss of functional use of her right extremity, both of which are required to meet or equal listing 1.07. As the ALJ correctly explained, plaintiff's April 2008 X-ray was otherwise unremarkable, (R. 18, 315-16), and her orthopedic surgeon reported in May 2008 that she had some tenderness in her ulna joint but had otherwise recovered well. (R. 18, 342, 344). Accordingly, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by

her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical, mental, sensory and other requirements. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because: (1) he did not properly evaluate plaintiff's credibility; (2) he did not give appropriate weight to the opinions of two physicians who examined plaintiff; and (3) his hypothetical question to the vocational expert did not properly account for plaintiff's limitations in concentration, persistence and pace. For reasons explained below, these arguments are without merit.

Plaintiff first contends that the ALJ erred in evaluating her subjective complaints regarding her pain and limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §§404.1529(c), 416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found her testimony not entirely credible.

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant

AO 72
(Rev. 8/82)

evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of her treatment, plaintiff's own statements about her symptoms and opinion evidence by physicians who treated and examined her. See 20 C.F.R. §§404.1529(c)(1)-(3), 416.929(c)(1)-(3); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §§404.1529(c)(4), 416.929(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability. Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible. (R. 18). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 18-22), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next argues that the ALJ did not give appropriate weight to the respective opinions of Dr. Arul and Dr. Groves. In making this argument, plaintiff erroneously suggests both doctors are treating physicians, when in fact each doctor only examined her on one occasion. To be clear, Dr. Arul performed an outpatient psychiatric evaluation of plaintiff on January 5, 2007, (R. 255-56), and Dr. Groves met with her for only one hour when she performed an evaluation on May 1, 2008. (R. 328-38).

Plaintiff's primary complaint is that the ALJ did not fully

consider GAF scores assessed by these doctors. The GAF scale, designed by the American Psychiatric Association, is used by clinicians to report an individual's overall level of mental functioning. The GAF scale considers psychological, social and occupational functioning on a hypothetical continuum of mental health to illness. The highest possible score is 100 and the lowest is 1.

The Third Circuit Court of Appeals has recognized that GAF scores do not have a direct correlation to the severity requirements of the Social Security mental disorder listings, and consequently has held that a low GAF score is not conclusive evidence of a mental disability. See Gilroy v. Astrue, 351 Fed. Appx. 714, 715 (3d Cir. 2009). Like any other evidence in a social security case, a GAF score may be disregarded or accorded little weight depending upon its consistency with the record as a whole.

In this case, the ALJ noted that Dr. Arul assessed plaintiff with a GAF score of 40 when he evaluated her on January 5, 2007. (R. 21). Although the ALJ did not explicitly mention GAF scores of 35 and 52 at the beginning and end of plaintiff's partial hospitalization program in January 2007, and of 50 at Dr. Groves' May 2008 evaluation, the ALJ thoroughly discussed the evidence pertaining to plaintiff's mental health issues, including both doctors' findings and explained why he did not give their respective assessments controlling weight. (R. 22). As the ALJ explained, both doctors examined plaintiff on one occasion only,

and their opinions were inconsistent with other record evidence, as well as plaintiff's activities of daily living and the fact that she did not receive any mental health treatment from May 2007 until May 2008. In sum, the ALJ thoroughly considered assessments by Dr. Arul and Dr. Groves, and correctly concluded they were not entitled to controlling weight.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert limiting her, <u>inter alia</u>, to simple, routine, repetitive tasks did not properly account for her moderate difficulties with concentration, persistence and pace. Contrary to plaintiff's position, the Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounted for a claimant's moderate limitation in concentration, persistence and pace. <u>See</u> <u>McDonald v. Astrue</u>, 293 Fed. Appx. 941, 946 (3d Cir. 2008); <u>Menkes v. Astrue</u>, 262 Fed. Appx. 410, 412 (3d Cir. 2008) (restriction to simple, routine tasks accounted for the claimant's moderate limitation in concentration, persistence and pace).

In addition to adequately accounting for plaintiff's limitation with concentration, persistence and pace, the ALJ's hypothetical otherwise incorporated all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. <u>See</u> <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987)(an ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical

AO 72
(Rev. 8/82)

evidence). Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work that exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: E. David Harr, Esq.
    203 South Main Street
    Greensburg, PA 15601

    Christy Wiegand
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219